15153

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN KNOUSE                                          Civil Case No.
42 Water Dam Road, Lot 17
Berwick, PA 18603,
                        Plaintiff                   **ELECTRONICALLY FILED**

            v.

DOLLAR GENERAL
6140 Woodland Avenue
Philadelphia, PA 19142
        and
DOLGENCORP, INC.
6140 Woodland Avenue
Philadelphia, PA 19142
        and
DOLGENCORP, LLC
6140 Woodland Avenue
Philadelphia, PA 19142
        and
DOLGEN, LLC
6140 Woodland Avenue
Philadelphia, PA 19142
        and
STILLWATER DG, LLC
361 Summit Boulevard
Birmingham, AL 35243
        and
DGB Buyer (PA), LLC
3419 PA-487
Stillwater, PA 17878
        and
JOHN DOE(S) I-V being a fictitious
designation pursuant to Pa. R. Civ. P. 2005 for
corporation(s) and/or entity(ies) who were in
the care, custody, and control of and/or
responsible for maintenance on the premises
identified in detail below on the date as
outlined below and whose identity/identities
is/are presently unknown to plaintiff
        and
JOHN DOE(S) VI-X being a fictitious
designation pursuant to Pa. R. Civ. P. 2005 for

1

corporation(s) and/or entity(ies) who were in the care, custody, and control of and/or responsible for maintenance of the premises being the property manager(s) identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff

and

JOHN DOE(S) XI-XV being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s), entity(ies), and/or individual(s) who were in the care, custody, and control of the premises being the property owner of the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff,

Defendants.

**DEFENDANTS' NOTICE OF REMOVAL**

TO:    The Honorable Judge of the Said Court:

This Notice of Removal is filed by Defendants, Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC, incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," Stillwater DG, LLC, and DGB Buyer (PA), LLC.

1.    On April 7, 2026, Plaintiff, Ann Knouse, filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851.  A true and correct copy of the Complaint is attached hereto as **"Exhibit A."**

2.    As set forth herein, complete diversity of citizenship exists and existed at the time of the commencement of this action in state court because Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendants are citizens of other states, to wit: Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," is a citizen of the State of Tennessee; Defendant, DGB

2

Buyer (PA) LLC, is a citizen of the States of Maryland and New York; and Stillwater DG LLC is a citizen of the States of Alabama, Florida, and Louisiana.

3. On or about May 4, 2026, Plaintiff served the Complaint upon Dolgencorp, LLC, Dolgencorp, LLC's fictitious trade name "Dollar General," and Dolgencorp, LLC incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC" at Dolgencorp, LLC's place of business located at 7620 Lindbergh Boulevard, Unit B, Philadelphia, Pennsylvania 19153.

4. On or about April 15, 2026, Plaintiff served the Complaint upon DGB Buyer, LLC at Dolgencorp, LLC's place of business located at 4319 State Route 487, Stillwater, Pennsylvania 17878.

5. On or about April 16, 2026, Plaintiff served the Complaint upon Stillwater DG, LLC.

6. On April 17, 2026, the Defendants filed an Entry for Appearance in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851. A true and correct copy of the Entry for Appearance is attached hereto as "**Exhibit B**."

7. On April 19, 2026, Plaintiff filed an Affidavit of Service – Not Found in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851. A true and correct copy of the Affidavit of Service is attached hereto as "**Exhibit C**."

8. On April 20, 2026, Plaintiff filed a Praecipe to Reinstate Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851. A true and correct copy of the Praecipe to Reinstate Complaint is attached hereto as "**Exhibit D**."

9. On April 23, 2026, the Sheriff of Columbia Couty filed an Affidavit of Service on DGB Buyer (PA), LLC in the Court of Common Pleas of Philadelphia County, Pennsylvania, at

3

Civil Case No. 260400851.  A true and correct copy of the Affidavit of Service is attached hereto as "**Exhibit E**."

10.     On May 10, 2026, the Plaintiff filed an Affidavit of Service on Dolgen, LLC, Dolgencorp, Inc., Dolgencorp LLC, and Dollar General in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851.  A true and correct copy of the Affidavit of Service is attached hereto as "**Exhibit F**."

11.     On May 13, 2026, the Plaintiff filed an Affidavit of Service on Stillwater DG, LLC in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851.  A true and correct copy of the Affidavit of Service is attached hereto as "**Exhibit G**."

12.     There have been no other proceedings in this case.  A true and correct copy of the Docket Sheet from Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851 is attached hereto as "**Exhibit H**."

13.     The Complaint names the Defendants as Dollar General, Dolgencorp, Inc., Dolgencorp, LLC, Dolgen, LLC, Stillwater DG LLC, DGB Buyer (PA) LLC, "John Does I – V," "John Does VI – X," and "John Does XI – XV."

14.     Pursuant to 28 U.S.C.A. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." *Id*.

15.     Defendants, "John Does I – V," "John Does VI – X," and "John Does XI – XV.", are nominal and fictitious parties whose citizenship is disregarded.  *Brooks v. Purcell*, No. 02–2370, 2002 WL 31953511, at \*3, 57 F. App'x. 47, 50 (3d Cir. Dec. 23, 2002) ("Defendants, John Does 1-10 and XYZ Corporations are nominal and fictitious parties whose citizenship is disregarded.").

4

15153

16.     Dollar General is a fictitious trade name owned by Dolgencorp, LLC and should be disregarded. (See **Exhibit I**, Declaration of Calvin Billingsley, ¶ 5.)  A true and correct copy of the Declaration of Calvin Billingsley is attached hereto as "**Exhibit I**."

17.     Plaintiff avers that Defendants, Dollar General, Dolgencorp, Inc., Dolgencorp, LLC, and Dolgen, LLC are each "upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Kentucky with an address of 6140 Woodland Avenue, Philadelphia, PA 19142." (Exhibit A, Complaint, ¶¶ 2-5.)

18.     Dolgencorp, LLC d/b/a Dollar General formerly owned and operated a retail store located at 6140 Woodland Drive, Philadelphia, Pennsylvania 19142.  (See **Exhibit I**, Declaration, ¶ 7.)

19.     Dolgencorp, LLC is a single member limited liability company organized under the laws of Kentucky. (**Exhibit I**, Declaration, ¶ 2.)

20.     Dolgencorp, LLC is entirely owned by Dollar General Corporation, a corporation organized under the laws of Tennessee. (**Exhibit I**, Declaration, ¶ 3.)

21.     Neither Dolgencorp, LLC d/b/a Dollar General nor Dollar General Corporation have a place of business located at 6140 Woodland Drive, Philadelphia, Pennsylvania 19142. (**Exhibit I**, Declaration, ¶ 8.)

22.     No other corporation, partnership, person, proprietorship, unincorporated association or legal entity known as "Dollar General," "Dolgencorp, Inc." "Dolgen, LLC" conducts business or has an address, office, a registered place of business, or a place of business located at 6140 Woodland Drive, Philadelphia, Pennsylvania 19142.  (**Exhibit I**, Declaration, ¶¶ 9-11.)

23. Plaintiff filed an Affidavit/Return of Service on May 10, 2026, stating that service was made on May 4, 2026, upon Dolgen, LLC, Dolgencorp, Inc. Dolgencorp LLC and Dollar General at 7620 Lindbergh Boulevard, Unit B, Philadelphia. See **Exhibit E.**

24. Dolgencorp, LLC d/b/a Dollar General owns and operates a retail store located at 7620 Lindbergh Boulevard, Unit B, Philadelphia, Pennsylvania 19153. (**Exhibit I**, Declaration, ¶ 18.)

25. No other corporation, partnership, person, proprietorship, unincorporated association, or legal entity known as "Dollar General," "Dolgencorp, Inc.," or "Dolgen, LLC" conducts business or has an address, office, a registered place of business, or a place of business located at 7620 Lindbergh Boulevard, Unit B, Philadelphia, Pennsylvania 19153. (**Exhibit I**, Declaration, ¶¶ 19-21.)

26. No other corporation or legal entity known as "Dollar General," "Dolgencorp, Inc." or "Dolgen, LLC" owns and/or operates the Dollar General retail store located at 7620 Lindbergh Boulevard, Unit B Philadelphia, Pennsylvania 19153, or has any other involvement with the aforesaid Dollar General store. (**Exhibit I**, Declaration, ¶ 23.)

27. Plaintiff also alleges, *inter alia,* that "Dollar General, Dolgencorp, Inc., Dolgencorp, LLC, Dolgen, LLC" were "in the exclusive possession, management and control of the premises and store located at or about 4319 Rt 487, Stillwater, PA" where the accident occurred (**Exhibit A**, Complaint, ¶¶ 15, 17.)

28. The Dollar General retail store located at 4319 Route 487, Stillwater, PA is owned and operated by the Defendant, Dolgencorp, LLC d/b/a Dollar General. (**Exhibit I**, Declaration, ¶¶12, 16.)

6

29.     No other corporation or legal entity known as "Dollar General," "Dolgencorp, Inc.," and "Dolgen, LLC" owns and/or operates the Dollar General retail store located at 4319 Route 487, Stillwater, PA, or has any other involvement with the aforesaid Dollar General store. (**Exhibit I**, Declaration, ¶¶ 13-15, 17.)

30.     Plaintiff's reference to "Dollar General" appears to be a reference to the fictitious trade name of Dolgencorp, LLC upon whom the Complaint was served.  *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 454 (E.D. Pa. 2019), citing *Frey v. Grumbine's RV*, No. 10-1457, 2010 WL 3703803, at *3 (M.D. Pa. Sept. 15, 2010) ("[T]he presence of [a fictitious name for an entity] as a named defendant does not defeat the court's diversity jurisdiction.").

31.     Based upon the foregoing, the reference to Dolgencorp, LLC's fictitious name "Dollar General" does not affect diversity jurisdiction and should be disregarded.  *Smith v. Jim Shorkey N. Hills Chrysler Dodge Jeep Ram*, No. 23-CV-1559, 2023 WL 7018550, at *1 (W.D. Pa. Sept. 22, 2023), *report and recommendation adopted*, No. CV 23-1559, 2023 WL 7019262 (W.D. Pa. Oct. 25, 2023) ("Thus, to determine citizenship, 'Jim Shorkey North Hills Chrysler Dodge Jeep Ram' has no 'stand-alone existence' and its fictitious name is to be disregarded.").

32.     Plaintiff's references to "Dolgencorp, Inc." and "Dolgen, LLC" appear to be a misnomer of Dolgencorp, LLC upon whom served the Complaint.  *See Kog Properties, LLC v. Nationwide Ins. Co*., No. 3:21-CV-00355, 2021 WL 5828084, at *2 (S.D. Ill. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 5826298 (S.D. Ill. Dec. 8, 2021) ("A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name.").

33.     Based upon the foregoing, the references to "Dolgencorp, Inc." and "Dolgen, LLC" are misnomers of Dolgencorp, LLC, which do not affect diversity jurisdiction. *See Ki Beom Kim v. Dyna Flex, Ltd*., 525 F. Supp. 3d 999, 1003 (E.D. Mo. 2021) ("In a misnomer situation, service on the original defendant is deemed proper and starts the clock on removal under 28 U.S.C. § 1446(b)(1).").

34.     According to the Complaint, this personal injury action arises from an accident on July 4, 2024, at the "Dollar General" retail store located at "4319 Rt 487, Stillwater, PA." (**Exhibit A,** Complaint, ¶¶ 14-17.)

35.     The Dollar General retail store located at 4319 Rt 487, Stillwater, PA is owned and operated by the Defendant, Dolgencorp, LLC.  (**Exhibit I**, Declaration, ¶¶ 12, 16.)

36.     No other corporation or legal entity known as "Dollar General," "Dolgencorp, Inc.," and "Dolgen, LLC" owns and/or operates the Dollar General retail store located at 4319 Rt 487, Stillwater, PA, or has any other involvement with the aforesaid Dollar General store. (**Exhibit I,** Declaration, ¶¶ 13-15, 17.)

37.     The Courts must only assess the citizenship of "real and substantial parties to the controversy," and need not determine the citizenship of nominal parties. *Johnson v. SmithKline Beecham Co.*, 724 F.3d 337, 358 (3d Cir. 2013); *see also Balazik v. County of Dauphin*, 44.F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party").

38.     Diversity exists between Plaintiff and the properly named Defendant, Dolgencorp, LLC who owned and operated the Dollar General located at 4319 Rt 487, Stillwater, PA, which is at issue in this case.

39.     Plaintiff served or attempted to serve the Defendant, Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC, incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," with the Complaint on May 4, 2026.

40.     Plaintiff served or attempted to serve the Complaint upon DGB Buyer, LLC on or about April 15, 2026.

41.     Plaintiff served the Complaint upon Stillwater DG, LLC on or about April 16, 2026.

42.     Thirty (30) days have, therefore, not yet expired since service on the Defendants.

43.     The Plaintiff, Ann Knouse, is a resident and citizen of the Commonwealth of Pennsylvania.  (**Exhibit A**, Complaint, ¶ 1.)

44.     Defendant, Dolgencorp, LLC, is a limited liability company organized under the laws of Kentucky.  (See **Exhibit I**, Declaration, ¶ 2.)

45.     A limited liability company's citizenship, for purposes of federal court diversity jurisdiction, is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Brewer v. SmithKline Beachem Corp.*, 774 F. Supp.2d 720, 725 (E.D. Pa. 2011).

46.     Dolgencorp, LLC is entirely owned by Dollar General Corporation, a business corporation organized under the laws of Tennessee. (See **Exhibit I**, Declaration, ¶ 3.)

47.     "A corporation is a citizen of both its state of incorporation and principal place of business." *Maxim Crane Works, LP v. Smith Transportation Servs., Inc.*, No. CV 15-597, 2016 WL 757791, at *2 (W.D. Pa. Feb. 26, 2016), citing 28 U.S.C. § 1332(c)(1).

48.     Dollar General Corporation is incorporated in the State of Tennessee, and Dollar General Corporation's principal place of business is located in the State of Tennessee. (**Exhibit I,** Declaration, ¶¶ 3, 6.)

49.     Dollar General Corporation is a citizen of the State of Tennessee and was a citizen of the State of Tennessee at the time this action was commenced in state court.

50.     Based on the foregoing, the Defendant, Dolgencorp, LLC, is a citizen of the State of Tennessee and was a citizen of the State of Tennessee at the time this action was commenced in state court.

51.     Defendant DGB Buyer (PA) LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business as follows: c/o W. P. Carey Inc., One Manhattan West, 395 9th Ave, 58th Fl., New York, NY 10001.

52.     WPC Holdco LLC, a Maryland limited liability company, is the sole member of DGB Buyer (PA) LLC, and WPC Holdco LLC's principal place of business as follows: c/o W. P. Carey Inc., One Manhattan West, 395 9th Ave, 58th Fl., New York, NY 10001.

53.     W.P. Carey, Inc. is the sole member of WPC Holdco LLC.

54.     W. P. Carey Inc. is a corporation organized under the laws of the State of Maryland with a principal place of business at One Manhattan West, 395 9th Ave, 58th Fl., New York, NY 10001.

55.     W. P. Carey Inc. is a citizen of the States of Maryland and New York and was a citizen of the States of Maryland and New York at the time this action was commenced in state court.

56.     Based on the foregoing, the Defendant, WPC Holdco LLC, is a citizen of the States of Maryland and New York and was a citizen of the States of Maryland and New York at the time this action was commenced in state court.

57.    Based on the foregoing, the Defendant, DGB Buyer (PA) LLC, is a citizen of the States of Maryland and New York and was a citizen of the States of Maryland and New York at the time this action was commenced in state court.

58.    Stillwater DG, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business in Alabama.

59.    The Members of Stillwater DG, LLC are as follows:

a.    Capital Growth Properties Operating Partners, LLC, which is organized under the laws of Delaware with a principal place of business in Alabama;

b.    RB Beach LLC, which is organized under the laws of Alabama with a principal place of business in Alabama;

c.    WOB JAK Holdings, LLC, which is organized under the laws of Delaware with a principal place of business in Alabama;

d.    CGP Management LLC, which is organized under the laws of Nevada with a principal place of business in Alabama

e.    CGP Management Partners LLC, which is organized under the laws of Delaware with a principal place of business in Alabama; and

f.    Garcille Family Holdings, LLC, which is organized under the laws of Louisiana with a principal place of business in Louisiana.

60.    At the time of the filing of this action in state court and the filing of this Notice of Removal, the citizenship of each member of Capital Growth Properties Operating Partners, LLC is and was as follows:

a.    Capital Growth Properties Inc., an Alabama citizen, incorporated under Alabama law with a principal place of business in Alabama;

11

b. RWB Management LLC, a Florida citizen, whose only member, Robert Buchalter, is and was a citizen of the state of Florida;

c. RB Beach LLC, a Florida citizen, whose only member, Robert Buchalter, is and was a citizen of the State of Florida; and

d. W.O. Buchalter LLC, a Florida citizen, whose only member, William Buchalter, is and was a citizen of the State of Florida.

61. At the time of the filing of this action in state court and the filing of this Notice of Removal, RB Beach LLC's only member, Robert Buchalter, is and was a citizen of the State of Florida.

62. At the time of the filing of this action in state court and the filing of this Notice of Removal, WOB JAK Holdings, LLC's only two members, William Buchalter and Josh A. Kravec, are and were citizens of the State of Florida.

63. At the time of the filing of this action in state court and the filing of this Notice of Removal, the citizenship of each member of CGP Management LLC is and was as follows:

a. RB Beach LLC, a Florida citizen, whose only member, Robert Buchalter, is and was a citizen of the State of Florida; and

b. W.O. Buchalter LLC, a Florida citizen, whose only member, William Buchalter, is and was a citizen of the State of Florida.

64. At the time of the filing of this action in state court and the filing of this Notice of Removal, the citizenship of each member of CGP Management Partners LLC is and was as follows:

a. W. O. Buchalter LLC, a Florida citizen, whose only member, William Buchalter, is and was a citizen of the State of Florida;

b. CJP Holdings LLC, an Alabama citizen, whose only member, Chad Post, is and was a citizen of the State of Alabama; and

c. Robert Buchalter, who is and was a citizen of the State of Florida.

12

65.     At the time of the filing of this action in state court and the filing of this Notice of Removal, Garcille Family Holdings, LLC's only member, Jason Garcille, is and was a citizen of the State of Louisiana.

66.     At the time of the filing of this action in state court and the filing of this Notice of Removal, the citizenship of DG Stillwater, LLC's six members is as follows: (1) Capital Growth Properties Operating Partners, LLC, a citizen of the States of Alabama and Florida; (2) RB Beach LLC, a citizen of the State of Florida; (3) WOB JAK Holdings, LLC, a citizen of the State of Florida; (4) CGP Management LLC, a citizen of the State of Florida: (5) CGP Management Partners LLC, a citizen of the States of Alabama and Florida; and (6) Garcille Family Holdings, LLC,  a citizen of the State of Louisiana.

67.     Based on the foregoing, DG Stillwater, LLC is a citizen of the States of Alabama, Florida and Louisiana and was a citizen of the States of Alabama, Florida and Louisiana at the time this action was commenced in state court.

68.     In her Complaint, Plaintiff alleges that on July 4, 2024, she was at the Dollar General retail store located at 4319 State Route 487, Stillwater, Pennsylvania 17878 when "she was caused to suffer injury as a result of a defective condition, i.e., improperly maintained premises, walkway, entranceway, mat/rug caused to be and/or allowed to remain on the premises as a result of the defendants' negligence." (Ex. "A," Complaint, ¶¶ 14-17.)

69.     As result of the alleged accident and the alleged negligence of the Defendants, Plaintiff claims that she suffered "various physical injuries" injuries including but not limited to injuries to: (1) injuries to her right upper extremity; (2) right hand; (3) right wrist; (4) fingers and thumb; (5) head, (6) spine, (7) neck and pain." (**Exhibit A**, Complaint, ¶ 21.)

13

15153

70.     Plaintiff further claims that as a result of the alleged incident she has suffered and will continue to suffer "severe shock to her nervous system, great physical pain, and mental anguish."  (**Exhibit A**, Complaint, ¶ 22.)

71.     Further, Plaintiff claims that she "may have suffered a permanent disability and a permanent impairment of her earning power and capacity."  (**Exhibit A**, Complaint, ¶ 25.)

72.     Plaintiff also claims that as a result of the alleged incident, she has incurred and may in the future incur unreimbursed wage loss.  (**Exhibit A**, Complaint, ¶ 24.)

73.     Plaintiff also claims that as a result of the alleged incident, she has incurred and may in the future incur bills and expenses for medical care and treatment.  (**Exhibit A**, Complaint, ¶¶ 23-24.)

74.     Plaintiff further claims that as a result of the alleged incident, she "has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, **as her injuries seem to be permanent in nature**."  (**Exhibit A**, Complaint, ¶ 26.) (Emphasis added.)

75.     Plaintiff also claims that as a result of the alleged incident and her injuries, she "has in the past suffered and may in the future suffer permanent diminution in her ability to enjoy life and life's pleasures." (**Exhibit A**, Complaint, ¶ 27.)

76.     The Complaint states that Plaintiff is seeking a judgment against the Defendants in excess of $50,000.

77.     The foregoing allegations from Plaintiff's Complaint, if proven, could result in a damage award greater than $75,000.00 and, therefore, satisfy the amount in controversy requirement of §1332(a). See, *e.g., Ciglar v. Ruby Tuesday, Inc., et al.,* Civ. No. 09–239, 2009 WL 737367, at *5 (E.D. Pa. Mar. 19, 2009); *Varzally v. Sears, Roebuck & Co.*, No. 09–CV–6137, 2010

WL 3212482, *2 (E.D. Pa. July 30, 2010); *McMonagle v. Franklin Mills Assocs. LP*, No. 06-cv-4451, 2007 WL 773715, *2 (E.D. Pa. Mar. 8, 2007) (cases explaining that allegations of "severe and permanent injuries" to various parts of a Plaintiff's body that have required, and may continue to require, "medical care" resulting in loss of earning capacity, coupled with plaintiff's demand for damages "in excess" of $50,000.00, satisfied the amount in controversy requirement).

78.    Based upon Plaintiff's allegations in the Complaint, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

79.    Plaintiff's claims for compensatory damages demonstrate that this Honorable Court has original jurisdiction of this action because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship.  28 U.S.C.A. § 1332.

80.    Complete diversity of citizenship existed at the time the state court action was commenced by Plaintiff and at the time of the filing of this Notice of Removal.

81.    Therefore, the state court action may be removed to this Honorable Court pursuant to 28 U.S.C.A. § 1441.

82.    A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, is being filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being duly served upon counsel for the Plaintiff.  A true and correct copy of the Notice of Filing of Notice of Removal, without its attachment of the copy of the within Notice of Removal, is attached hereto as "**Exhibit J**."

83.    This Notice of Removal is signed pursuant to Fed. Rule of Civ. P. 11.

WHEREFORE, Defendants, Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," Stillwater DG LLC, and DGB Buyer (PA) LLC, request that the action now pending against them in the Court

15

of Common Pleas of Philadelphia County, Pennsylvania, at Civil Case No. 260400851, be removed to this Honorable Court.

**RESPECTFULLY SUBMITTED,**

DELL, MOSER, LANE & LOUGHNEY, LLC

Date: <u>May 15, 2026</u>

By: <u>s/ Sean P. Hannon</u>
    Sean P. Hannon, Esquire
    PA ID No. 58713
    Two Chatham Center, Suite 1500
    112 Washington Place
    Pittsburgh, PA  15219
    Phone:  412-471-1180
    Facsimile:  412-471-9012
    Email:  <u>*sph@dellmoser.com*</u>
    Counsel for Defendants, Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC, incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," Stillwater DG LLC, and DGB Buyer (PA) LLC

<u>JURY TRIAL DEMANDED</u>

16

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>May 15, 2026</u>, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and I hereby certify that on <u>May 15, 2026</u>, I served a true and correct copy of the within Notice of Removal by U.S. Mail, postage pre-paid, and by email to the following:

Thomas F. Sacchetta, Esquire
Tyler Sacchetta, Esquire
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
*Email:  tom@sbattorney.com*
*Email:  Tyler@sbattorney.com*
*Counsel for Plaintiff*

DELL, MOSER, LANE & LOUGHNEY, LLC


By: s/ Sean P. Hannon
    Sean P. Hannon, Esquire
    PA ID No. 58713
    Two Chatham Center, Suite 1500
    112 Washington Place
    Pittsburgh, PA  15219
    Phone:  412-471-1180
    Facsimile:  412-471-9012
    Email:  sph@dellmoser.com
    Counsel for Defendants, Dolgencorp, LLC, Dolgencorp, LLC d/b/a Dollar General, Dolgencorp, LLC, incorrectly identified as "Dolgencorp, Inc., and Dolgen, LLC," Stillwater DG LLC, and DGB Buyer (PA) LLC